Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
IN RE:                            :

Fosamax Products Liability Litigation    :      1:06-md-1789 (JFK)

                                :

-----------------------------------------------------x

*This Document Relates to:*      :      **ANSWER AND ADDITIONAL**

Dorothea Ahles                  :      **DEFENSES OF MERCK**

v. Merck & Co., Inc.         :      **& CO., INC.;**

                                :      **DEMAND FOR JURY TRIAL**

Case No: 1:07-cv-6263-JFK     :

-----------------------------------------------------x

      Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned

attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the

Complaint except to the extent such allegations are specifically admitted below:

<u>**NATURE OF CASE**</u>

      1.      Merck denies each and every allegation of Paragraph 1, except Merck

admits that Plaintiff purports to bring this action for damages, but denies that there is any

legal or factual basis for same.

      2.      Merck admits the allegations of the first two sentences of Paragraph 2.

Merck denies each and every remaining allegation of Paragraph 2, except admits that is

manufactures FOSAMAX® and that it is a pharmaceutical company.

3.    Merck denies each and every allegation of Paragraph 3, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 3 inconsistent with that prescribing information and respectfully refers the Court to the Physician's Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

4.    Merck denies each and every allegation of Paragraph 4, except that Merck admits that on January 31, 2005, it received a request dated January 24, 2005 from the FDA to update the label for FOSAMAX® to include bisphosphonate class labeling for ONJ.  Merck submitted a draft revised label to the FDA on March 1, 2005.  FDA comments on this draft revised label were received in June 2005, and the new label was made publicly available in July 2005.

5.    Merck denies each and every allegation of Paragraph 5.

6.    Merck denies each and every allegation of Paragraph 6.

7.    Merck denies each and every allegation of Paragraph 7, except Merck admits that Plaintiff purports to bring this action for damages, but denies that there is any legal or factual basis for same.

8.    Merck denies each and every allegation of Paragraph 8, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information and states that it is without knowledge as to whether Plaintiff ingested FOSAMAX®.

## JURISDICTION

9.      The allegations of Paragraph 9 are conclusions of law to which no response is required.  To the extent that a response is required, Merck states that it is without knowledge or information sufficient to form a belief as the residence of Plaintiff and, for jurisdictional purposes only, admits that the Plaintiff seeks in excess of $75,000. Merck denies all remaining allegations of Paragraph 9.

## PARTY PLAINTIFF

10.      Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 10.

11.      Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 11.

12.      Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 12.

13.      Merck denies each and every allegation of Paragraph 13.

14.      Merck denies each and every allegation of Paragraph 14.

## PARTY DEFENDANT

15.      Merck admits the allegations of Paragraph 15.

16.      Merck denies each and every allegation of Paragraph 16, except that it admits that it is registered to do business in the States of New York and North Carolina.

17.      Merck is without knowledge as to what is meant by the phrase "substantial business," so the allegations of Paragraph 17 are denied.

18.      Merck is without knowledge as to what is meant by "consequences," so the allegations in Paragraph 18 are denied.

19.    Merck denies each and every allegation of Paragraph 19, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 19 inconsistent with that prescribing information and respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.

## FACTUAL BACKGROUND

20.    Merck denies each and every allegation of Paragraph 20, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 20 inconsistent with that prescribing information and respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.

21.    Merck admits the allegations of Paragraph 21.

22.    Merck admits the allegations of Paragraph 22.

23.    Merck admits the allegations of Paragraph 23.

24.    Merck admits the allegations of Paragraph 24.

25.    Merck denies each and every allegation of Paragraph 25, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

26.    Merck denies each and every allegation of Paragraph 26.

27.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 27 inconsistent with that prescribing information.

28.    Merck denies each and every allegation of Paragraph 28.

29.    Merck denies each and every allegation of Paragraph 29 and respectfully refers the Court to the article referenced in Paragraph 29 for its actual language and full text.

30.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 30.

31.    Merck denies each and every allegation of Paragraph 31.

32.    Merck denies each and every allegation of Paragraph 32, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

33.    Merck denies each and every allegation of Paragraph 33.

34.    Merck denies each and every allegation of Paragraph 34.

35.    Merck denies each and every allegation of Paragraph 35.

36.    Merck denies each and every allegation of Paragraph 36.

37.    Merck denies each and every allegation of Paragraph 37.

38.    Merck denies each and every allegation of Paragraph 38.

39.    Merck denies each and every allegation of Paragraph 39.

40.     Merck denies each and every allegation of Paragraph 40, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information.

41.     Merck denies each and every allegation of Paragraph 41.

42.     Merck denies each and every allegation of Paragraph 42.

43.     Merck denies each and every allegation of Paragraph 43.

44.     Merck denies each and every allegation of Paragraph 44.

**FIRST CAUSE OF ACTION
AS AGAINST DEFENDANT
(NEGLIGENCE AND NEGLIGENCE PER SE)**

45.     Merck repleads its answers to Paragraphs 1 through and including 44, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

46.     The allegations in Paragraph 46 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

47.     Merck denies each and every allegation of Paragraph 47.

48.     Merck denies each and every allegation of Paragraph 48, including each and every allegation contained in subparts (a) through (o).

49.     Merck denies each and every allegation of Paragraph 49.

50.     Merck denies each and every allegation of Paragraph 50, including each and every allegation contained in subparts (a) through (g).

51.     Merck denies each and every allegation of Paragraph 51.

52.    Merck denies each and every allegation of Paragraph 52.

53.    Merck denies each and every allegation of Paragraph 53.

54.    Merck denies each and every allegation of Paragraph 54.

55.    Merck denies each and every allegation of Paragraph 55.

56.    Merck denies each and every allegation of Paragraph 56, and denies that Plaintiff is entitled to the relief requested.

### SECOND CAUSE OF ACTION
### AS AGAINST THE DEFENDANT
### (STRICT PRODUCTS LIABILITY)

57.    Merck repleads its answers to Paragraphs 1 through and including 56, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

58.    Merck denies each and every allegation of Paragraph 58, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to whether Plaintiff received FOSAMAX®.

59.    Merck denies each and every allegation of Paragraph 59, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges she consumed.

60.    Merck denies each and every allegation of Paragraph 60.

61.    Merck denies each and every allegation of Paragraph 61.

62.    Merck denies each and every allegation of Paragraph 62.

63.    Merck denies each and every allegation of Paragraph 63.

64.    Merck denies each and every allegation of Paragraph 64.

65.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65.

66.    Merck denies each and every allegation of Paragraph 66.

67.    The allegations in Paragraph 67 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

68.    Merck denies each and every allegation of Paragraph 68.

69.    Merck denies each and every allegation of Paragraph 69.

70.    Merck denies each and every allegation of Paragraph 70.

71.    Merck denies each and every allegation of Paragraph 71.

72.    Merck denies each and every allegation of Paragraph 72.

73.    Merck denies each and every allegation of Paragraph 73.

74.    Merck denies each and every allegation of Paragraph 74.

75.    Merck denies each and every allegation of Paragraph 75.

76.    Merck denies each and every allegation of Paragraph 76.

77.    Merck denies each and every allegation of Paragraph 77.

78.    Merck denies each and every allegation of Paragraph 78.

79.    Merck denies each and every allegation of Paragraph 79.

80.    Merck denies each and every allegation of Paragraph 80.

81.    Merck denies each and every allegation of Paragraph 81, and denies that Plaintiff is entitled to the relief requested.

### THIRD CAUSE OF ACTION
### AS AGAINST THE DEFENDANT
### (BREACH OF EXPRESS WARRANTY)

82.    Merck repleads its answers to Paragraphs 1 through and including 81, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim.*

83.    Merck denies each and every allegation of Paragraph 83, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

84.    Merck denies each and every allegation of Paragraph 84.

85.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85.

86.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 86.

87.    Merck denies each and every allegation of Paragraph 87.

88.    Merck denies each and every allegation of Paragraph 88, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

89.     Merck denies each and every allegation of Paragraph 89.

90.     Merck denies each and every allegation of Paragraph 90.

91.     Merck denies each and every allegation of Paragraph 91.

92.     Merck denies each and every allegation of Paragraph 92, and denies that Plaintiff is entitled to the relief requested.

**FOURTH CAUSE OF ACTION**
**AS AGAINST THE DEFENDANT**
**(BREACH OF IMPLIED WARRANTY)**

93.     Merck repleads its answers to Paragraphs 1 through and including 92, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

94.     Merck denies each and every allegation of Paragraph 94, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

95.     Merck denies each and every allegation of Paragraph 95, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

96.     Merck denies each and every allegation of Paragraph 96, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

97.    Merck denies each and every allegation of Paragraph 97.

98.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 98.

99.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99.

100.    Merck denies each and every allegation of Paragraph 100.

101.    Merck denies each and every allegation of Paragraph 101.

102.    Merck denies each and every allegation of Paragraph 102.

103.    Merck denies each and every allegation of Paragraph 103.

104.    Merck denies each and every allegation of Paragraph 104, and denies that Plaintiff is entitled to the relief requested.

**FIFTH CAUSE OF ACTION AS
AGAINST THE DEFENDANT
(FRAUDULENT MISREPRESENTATION)**

105.    Merck repleads its answers to Paragraphs 1 through and including 104, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

106.    Merck denies each and every allegation of Paragraph 106.

107.    Merck denies each and every allegation of Paragraph 107.

108.    Merck denies each and every allegation of Paragraph 108.

109.    Merck denies each and every allegation of Paragraph 109.

110.    Merck denies each and every allegation of Paragraph 110.

111.    Merck denies each and every allegation of Paragraph 111.

112.    Merck denies each and every allegation of Paragraph 112.

113.    Merck denies each and every allegation of Paragraph 113.

114.    Merck denies each and every allegation of Paragraph 114.

115.    Merck denies each and every allegation of Paragraph 115.

116.    Merck denies each and every allegation of Paragraph 116.

117.    Merck denies each and every allegation of Paragraph 117, and denies that

Plaintiff is entitled to the relief requested.

**SIXTH CAUSE OF ACTION AS<br>AGAINST THE DEFENDANT<br>(FRAUDULENT CONCEALMENT)**

118.    Merck repleads its answers to Paragraphs 1 through and including 117,

and by this reference hereby incorporates the same herein in this paragraph, and makes

the same a part hereof as though fully set forth *verbatim*.

119.    Merck denies each and every allegation of Paragraph 119.

120.    Merck denies each and every allegation of Paragraph 120.

121.    Merck denies each and every allegation of Paragraph 121, including each

and every allegation of subparts (1) through (11).

122.    The allegations in Paragraph 122 are conclusions of law to which no

response is required; to the extent that a response is deemed necessary, the allegations are

denied and Merck respectfully refers the Court to the relevant legal standard, including

any conflict of law rules.

123.    Merck denies each and every allegation of Paragraph 123.

124.    Merck denies each and every allegation of Paragraph 124.

125.    Merck denies each and every allegation of Paragraph 125.

126.    Merck denies each and every allegation of Paragraph 126.

127.    Merck denies each and every allegation of Paragraph 127.

128.    Merck denies each and every allegation of Paragraph 128.

129.    Merck denies each and every allegation of Paragraph 129, and denies that Plaintiff is entitled to the relief requested.

**SEVENTH CAUSE OF ACTION AS
AGAINST THE DEFENDANT
(NEGLIGENT MISPREPRESENTATION)**

130.    Merck repleads its answers to Paragraphs 1 through and including 129, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

131.    The allegations in Paragraph 131 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

132.    Merck denies each and every allegation of Paragraph 132.

133.    Merck denies each and every allegation of Paragraph 133.

134.    Merck denies each and every allegation of Paragraph 134.

135.    Merck denies each and every allegation of Paragraph 135.

136.    Merck denies each and every allegation of Paragraph 136.

137.    Merck denies each and every allegation of Paragraph 137, and denies that Plaintiff is entitled to the relief requested.

## EIGHTH CAUSE OF ACTION AS
## AGAINST THE DEFENDANT
## (FRAUD AND DECEIT)

138.    Merck repleads its answers to Paragraphs 1 through and including 137, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

139.    Merck denies each and every allegation of Paragraph 139, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

140.    Merck denies each and every allegation of Paragraph 140.

141.    Merck denies each and every allegation of Paragraph 141.

142.    The allegations in Paragraph 142 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

143.    Merck denies each and every allegation of Paragraph 143.

144.    Merck denies each and every allegation of Paragraph 144, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

145.    Merck denies each and every allegation of Paragraph 145.

146.    Merck denies each and every allegation of Paragraph 146.

147.    Merck denies each and every allegation of Paragraph 147.

148.    Merck denies each and every allegation of Paragraph 148.

149.    Merck denies each and every allegation of Paragraph 149.

150.    Merck denies each and every allegation of Paragraph 150.

151.    Merck denies each and every allegation of Paragraph 151, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

152.    Merck denies each and every allegation of Paragraph 152.

153.    Merck denies each and every allegation of Paragraph 153.

154.    Merck denies each and every allegation of Paragraph 154.

155.    Merck denies each and every allegation of Paragraph 155.

156.    Merck denies each and every allegation of Paragraph 156.

157.    Merck denies each and every allegation of Paragraph 157.

158.    Merck denies each and every allegation of Paragraph 158.

159.    Merck denies each and every allegation of Paragraph 159.

160.    Merck denies each and every allegation of Paragraph 160.

161.    Merck denies each and every allegation of Paragraph 161.

162.    Merck denies each and every allegation of Paragraph 162.

163.    Merck denies each and every allegation of Paragraph 163.

164.    Merck denies each and every allegation of Paragraph 164.

165.    Merck denies each and every allegation of Paragraph 165, and denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

Merck denies that Plaintiff is entitled to any of the relief requested in her Global Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were cause in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because,

among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States, North Carolina, and New York Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's

claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of North Carolina applies to Plaintiff's claims.

---

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


DATED:          New York, New York
                August 8, 2007

                                    Respectfully submitted,

                                    HUGHES HUBBARD & REED LLP


                                    By:___/s/_____
                                       Norman C. Kleinberg
                                       Theodore V. H. Mayer
                                       William J. Beausoleil

                                    One Battery Park Plaza
                                    New York, New York 10004-1482
                                    (212) 837-6000

                                    *Attorneys for Defendant Merck & Co., Inc.*